[Cite as *State v. Smith*, 2011-Ohio-6872.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2011CA00140 |
| Appellee, | **JUDGES:**<br>**Hon. William B. Hoffman, P.J.** |
| v. | **Hon. John W. Wise, J.**<br>**Hon. Julie A. Edwards, J.** |
| SMITH, | |
| Appellant. | **O P I N I O N** |

CHARACTER OF PROCEEDING:        Appeal from the Stark County Court of Common Pleas, Case No. 2011CR0489

JUDGMENT:        Affirmed

DATE OF JUDGMENT ENTRY:        December 30, 2011

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

JOHN D. FERRERO,        MATTHEW PETIT
PROSECUTING ATTORNEY,        116 Cleveland Ave. North, Suite 808
STARK COUNTY, OHIO        Canton, Ohio 44702

By: RENEE M. WATSON
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

Hoffman, P.J.

**(¶1)** Defendant-appellant Daymion Smith appeals his June 1, 2011 conviction entered by the Stark County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**(¶2)** On March 29, 2011, Parole Officer Rick Polinori received an anonymous phone tip regarding a parolee absconder, Toriano Howard. The tip stated Howard was living at an apartment complex where he was engaged in selling drugs. The caller further alleged Howard was in possession of a firearm.

**(¶3)** Polinori testified he then personally verified Howard was leasing the apartment at #11, 139 17th Street N.W., Canton, Ohio. The terms of Howard's post-release control provided his person, car and home were subject to a warrantless search at any time. Polinori then contacted the Canton Police Department for assistance in apprehending Howard on the parole violation at the apartment.

**(¶4)** Polinori and members of the Canton Police Department proceeded to the apartment, where they surrounded the building and announced their presence. Appellant answered the door to the apartment, and told the officers he lived in the apartment but was unsure whether anyone else was inside. As a result, the officers performed a protective sweep of the premises, searching a bedroom and finding a substance suspected to be cocaine in plain view, along with cash and a scale. The bedroom was later determined to be Appellant's. The officers proceeded to secure the property and to obtain a search warrant.

**(¶5)** Subsequent to the search, Appellant was charged with one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2)(C)(4)(f), a first degree felony;

trafficking in cocaine, in violation of R.C. 2925.03(A)(2)(C)(4)(d), a third degree felony; possession of cocaine, in violation of R.C. 2925.11(A)(C)(4)(e), a first degree felony; possession of cocaine, in violation of R.C. 2925.11(A)(C)(4)(b), a fourth degree felony.

(¶6) On May 25, 2011, Appellant filed a motion to suppress the evidence seized incident to the search of the premises. The trial court overruled the motion to suppress. Appellant then entered a plea of no contest to the charges. The trial court accepted the plea, convicted and sentenced Appellant to three years incarceration on the first degree trafficking and possession charges, three years on the third degree trafficking offense, and six months on the fourth degree possession charge.

(¶7) Appellant now appeals, assigning as error:

(¶8) "I. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO SUPPRESS EVIDENCE THE STATE OBTAINED IN VIOLATION OF THE APPELLANT'S FOURTH AMENDMENT RIGHTS."

(¶9) Appellate review of a trial court's decision to grant or deny a motion to suppress involves a mixed question of law and fact. *State v. Long* (1998), 127 Ohio App.3d 328, 713 N.E.2d 1. During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks,* 75 Ohio St.3d 148, 1996–Ohio–134, 661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Metcalf* (1996), 111 Ohio App.3d 142, 675 N.E.2d 1268. Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's

conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141.

**(¶10)** There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. See *State v. Fanning* (1982), 1 Ohio St.3d 19, 437 N.E.2d 583; and *State v. Klein* (1991), 73 Ohio App.3d 486, 597 N.E.2d 1141. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Claytor,* (1993) 85 Ohio App.3d 623, 620 N.E.2d 906 and *State v. Curry* (1994), 95 Ohio App.3d 93, 641 N.E.2d 1172.

**(¶11)** "[A] probation officer may search a probationer's home without a warrant and upon less than probable cause." *State v. Cowans,* 87 Ohio St.3d 68, 76, 1999–Ohio–250, 717 N.E.2d 298, citing *Griffin v. Wisconsin* (1987), 483 U.S. 868, 877–878, 107 S .Ct. 3164, 97 L.Ed.2d 709. Ohio law permits a probation officer to conduct a warrantless search of a probationer's person or home if an officer has "reasonable grounds" to believe the probationer failed to abide by the law or by the terms of probation. See *State v. Hendricks,* Cuyahoga App. No. 92213, 2009–Ohio–5556. To

establish "reasonable grounds," an officer need not possess the same level of certainty that is necessary to establish "probable cause." Instead, the officer's information need only establish the "likelihood" that contraband will be found in a probationer's home. *State v. Howell* (Nov. 17, 1998), Jackson App. No. 97CA824, 1998 WL 807800; *Helton v. Ohio Adult Parole Auth.* (June 26, 2001), Franklin App. No. 00AP–1108, 2001 WL 709946.

(¶12) Here, the officers acted on a tip to Parole Officer Polinori relative to a parolee engaging in the sale of illegal drugs. Appellant was a parolee absconder and had consented to a search of his residence. Polinori confirmed the parolee's name was on the lease, and the parolee was living at the apartment. Accordingly, we find the officers legally entered the apartment without a warrant. When Appellant opened the door and informed the officers he was uncertain as to whether anyone else was in the apartment, the officers properly performed a protective sweep of the premises to ascertain if Appellant was present, and the officers observed cocaine in plain view during the lawful search. *Maryland v. Buie* (1990), 494 U.S. 325, 110 S.Ct. 1093.

(¶13) Accordingly, we find the trial court did not error in denying Appellant's motion to suppress the evidence herein.

(¶14) Appellant's conviction in the Stark County Court of Common Pleas is affirmed.

Judgment affirmed.

Wise, J. and Edwards, J. concur.

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

**STATE OF OHIO,**                                    **Case No. 2011CA00140**

        **Appellee,**                                  **JUDGES:**
                                              **Hon. William B. Hoffman, P.J.**
**v.**                                             **Hon. John W. Wise, J.**
                                              **Hon. Julie A. Edwards, J.**
**SMITH,**

        **Appellant.**                                 **JUDGMENT ENTRY**


For the reasons stated in our accompanying Opinion, Appellant's conviction in

the Stark County Court of Common Pleas is affirmed. Costs to Appellant.


s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ John W. Wise
HON. JOHN W. WISE


s/ Julie A. Edwards
HON. JULIE A. EDWARDS